**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ILLINOIS**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| MICHAEL LYON, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 08 C 754 |
| SIGMUND A. EISENSCHENK, et al., | ) | |
| | ) | The Hon. Amy St. Eve |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**INTRODUCTION**

The allegations of Plaintiffs' Complaint definitively establish that the sole federal claim is untimely and must be dismissed. Fed. R. Civ. P. 12(b)(6). Once that happens, this Court lacks subject matter jurisdiction to hear the balance of Plaintiffs' claims. Fed. R. Civ. P. 12(b)(1).

Specifically, Plaintiffs allege that this Court's only basis for jurisdiction arises out of their allegations in Count I that Defendants Sigmund A. Eisenschenk ("Eisenschenk"), Resource Equities, LLC ("Resource") and Thunder Bay Enterprises, LLC ("Thunder") (collectively, "Defendants") committed securities fraud in violation of Section 10(b) of the Securities and Exchange Act of 1934 (the "Act"). (Complaint, ¶ 6.) Plaintiffs' allegations, however, establish that they knew, or should have known, of Defendants' alleged securities fraud by at least December 2005, more than two years prior to their filing this action in February 2008. Once Plaintiffs' Exchange Act claim is dismissed, there is no other basis for this Court to exercise jurisdiction over Plaintiffs' remaining claims and, as such, the entire Complaint should be dismissed pursuant to Rule 12(b)(1), Fed. R. Civ. P.

## ARGUMENT

### I. PLAINTIFFS' EXCHANGE ACT CLAIM IS TIME BARRED.

Plaintiffs' Exchange Act claim against Defendants is time barred because, based on their own allegations, they knew, or should have known about what they now claim is fraud more than two years prior to filing this action. Plaintiffs allege that in December 2005, Defendant Eisenschenk, acting on behalf of all the Defendants, solicited Plaintiffs to invest in a Private Investment in Public Equity offering (the "PIPE Transaction") of stock and related warrants for Provectus Pharmaceuticals, Inc. ("PVCT"). (Complaint, ¶ 8.) In December 2005, in reliance on certain alleged representations by Defendants, Plaintiffs invested, collectively, $350,000 in Defendants' PVCT PIPE Transaction. (Complaint, ¶¶ 13-14.) Plaintiffs claim that these transactions were fraudulent because they never received documentation of their investment. (Complaint, ¶ 15.) Plaintiffs, however, knew back in December, 2005, that they had not received the documentation which they claim that they were due. Plaintiffs did not file their Complaint until February 4, 2008.

Until the passage of the Sarbanes-Oxley Act, a plaintiff in a federal securities fraud action had to file their claim "within one year after the discovery of the facts constituting the violation and within three years after such violation." *Stone v. Doerge*, 2004 WL 3019173, *3 (N.D.Ill., St. Eve). The passage of the Sarbanes-Oxley Act expanded the limitations period for such claims "to two years after the discovery of the facts constituting the violation." *Id.*, at fn. 2.

The post-Sarbanes-Oxley Act two-year "statute of limitations for federal securities claims begins to run when the potential plaintiff is put on "inquiry notice." *Id.*; *citing Fujisawa Pharm. Co. v. Kapoor*, 115 F.3d 1332, 1334 (7th Cir. 1997). "Inquiry notice starts the running of the

statute of limitations when the victim of the alleged fraud became aware of the facts that would have led a reasonable person to investigate whether he might have a claim." *Id.*; *citing Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 609 (7th Cir. 1995).

Plaintiffs claim that, in December 2005, they tendered $350,000 to Defendants based on Eisenschenk's oral representations that they would be purchasing stock and warrants in PVCT. Also per Plaintiffs' allegations, they never received any documentation from any of the Defendants regarding what happened to this $350,000 that they claim they gave to Defendants to invest in a PVCT PIPE Transaction. Under these circumstances, Plaintiffs were on "inquiry notice" as soon as they allegedly made their investment with Defendants because they then knew that they had received no documentation.

Although violation of the statute of limitations is typically an affirmative defense that should be plead by a defendant, when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations," then dismissal pursuant to Rule 12(b)(6) is appropriate. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

Because Plaintiffs' own allegations establish that they were on inquiry notice as of December 2005, Count I of their Complaint, purporting to state a cause of action for securities fraud under Section 10(b) of the Exchange Act, was filed beyond the two-year statute of limitations for such claims and must be dismissed pursuant to Rule 12(b)(6) for failing to state a cause of action upon which relief can be granted.

## II. ONCE COUNT I IS DISMISSED, THERE IS NO FEDERAL SUPPLEMENTAL JURISDICTION.

Because Count I of Plaintiffs' Complaint is their only federal claim, the dismissal of Count I divests this Court of subject matter jurisdiction and, as such, the entire Complaint must be dismissed pursuant to Rule 12(b)(1), Fed. R. Civ. P. "Rule 12(b)(1) motions to dismiss are premised on either facial attacks or factual attacks to jurisdiction. "A facial attack is a challenge to the sufficiency of the pleading itself…."" *Villasenor v. Industrial Wire & Cable, Inc.*, 929 F. Supp. 310, 312 (N.D.Ill. 1996) (dismissing only count of complaint raising federal question and declining to exercise supplemental jurisdiction over remaining state court claims); *citing United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.), *cert. denied*, 513 U.S. 868, 115 S.Ct. 188 (1994).

WHEREFORE, Defendants Sigmund Eisenschenk, Resource Equities, LLC and Thunder Bay Enterprises, LLC respectfully request that this Court enter an Order dismissing Count I of Plaintiffs' Complaint, with prejudice, pursuant to Rule 12(b)(6), and dismissing the remainder of Plaintiffs' Complaint, in its entirety, pursuant to Rule 12(b)(1).

Respectfully submitted,

Sigmund Eisenschenk, Resource Equities, LLC and Thunder Bay Enterprises, LLC

By:

/s/ Daniel C. Curth
One of their attorneys

Leland W. Hutchinson (ARDC #1294873)
Daniel C. Curth (ARDC #6229090)
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
(312) 360-6000