<div align="center">

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

</div>

| | |
|---|---|
| MICHAEL LYON, as Trustee of the Michael T. Lyon Profit Sharing Plan, and RICHARD LANE, <br><br> Plaintiff, <br><br> v. <br><br> SIGMUND A. EISENSCHENK, RESOURCE EQUITIES, LLC., an Illinois limited liability company, and THUNDER BAY ENTERPRISES, LLC, an Illinois limited liability company, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 08 C 754 |

<div align="center">

**PLAINTIFFS' RESPONSE TO MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

</div>

Plaintiffs Michael Lyon, as Trustee of the Michael T. Lyon Profit Sharing Plan, and Richard Lane, by and through their attorneys, Garfield & Merel, Ltd., for their Response to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, states as follows:

1.    Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction argues that Plaintiffs' first cause of action (alleging federal securities fraud under Section 10(6)(5)) was not timely filed pursuant to the applicable statute of limitations and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants further move to dismiss the remaining supplemental state court claims pursuant to Rule 12(b)(1). Defendants fail to establish that Plaintiffs' Complaint is "indisputably time-barred." Therefore, Defendants' 12(b)(6) Motion should be denied. Defendants' 12(b)(1) Motion should also be denied.

2.    Defendants' Motion to Dismiss argues that Plaintiffs' cause of action under Section 10(b) of the Securities Exchange Act (28 U.S.C. §78j(b)) is time-barred. Specifically,

their Memorandum argues that "Plaintiffs claim that [the stock] transactions were fraudulent because they never received documentation of their investment" and, therefore, the two-year statute of limitations bars those claims.

3.    First, Defendants mischaracterize the nature and substance of the allegations of Plaintiffs' Complaint, which arises from the failure to deliver Stocks and Warrants to Plaintiffs after registration of those securities, not the failure to deliver "documentation" at the time representations were made. (*See* Complaint, ¶¶10, 11, 15 and 22.) Second, Defendants cannot meet their burden to establish that, after taking all factual allegations in the Complaint as true and drawing reasonable inferences therefrom in Plaintiffs' favor, the Plaintiffs' claims are "indisputably" time-barred. Therefore, its motions should be denied.

**A.    Applicable Statute of Limitations.**

4.    The statute of limitations for federal securities fraud claims, as Defendants acknowledge in their Memorandum, is as follows:

> A private right of action that involves a claim of fraud, deceit, manipulation, or contravance in contravention of a regulatory requirement concerning the securities laws . . . may be brought not later than the earlier of (1) two years after discovery of the facts constituting the violation; or (2) five years after such violation.

(28 U.S.C. §1658(b).)

5.    The statute of limitations for claims brought under Section 10(b) and Rule 10b-5 begins to run when a potential plaintiff is put on "inquiry notice" of a violation. *Fujisawa Pharm. Co. v. Kapoor*, 115 F.3d 1332, 1334 (7th Cir. 1997). Inquiry notice occurs when the plaintiff becomes "aware of facts that would have led a reasonable person to investigate whether he might have a claim." *Marks v. CDW Computer Centers*, 122 F.3d 363, 367 (7th Cir. 1997). *In Re: Motorola Securities Litigation*, 505 F.Supp.2d 501, 526 (N.D.Ill. 2007).

6.      However, more than "merely suspicious circumstances must exist; instead the plaintiff must learn of a circumstance that places him in possession of, or with ready access to, the essential facts that he needs in order to be able to sue." *766347 Ontario, Ltd. v. Zurich Capital Markets, Inc.*, 248 F.Supp.2d 974, 988 (N.D.Ill. 2003) (*citing Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 670 (7th Cir. 1998)). "For inquiry notice to begin to run, the investor must have access to the facts that would show fraud." *Marks v. CDW Computer Centers, Inc.*, 122 F.3d 363, 368 (7th Cir. 1997). Circumstances must make the victim suspicious enough to investigate. *Id.*

7.      In addition, a complaint is generally not required to anticipate affirmative defenses to survive a motion to dismiss. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Further, compliance with the statute of limitations need not be pleaded in the complaint. *Treganza v. Great American Communication Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

**B.      Standard on Motion to Dismiss Based on Limitations.**

8.      "Because the period of limitations is an affirmative defense, it is rarely a good reason to dismiss on a 12(b)(6) motion to dismiss." *U.S. v. Northern Trust Company*, 372 F.3d 886 (7th Cir. 2004); *Reiser v. Residential Funding Corp.*, 380 F.3d 1027 (7th Cir. 2004). The court may consider such a motion <u>only</u> "where plaintiffs have plead facts that show [their] suit [is] barred by a statute of limitations." *Marks v. CDW Computer Centers, Inc.*, 122 F.3d 363, 367 (7th Cir. 1997). Unless the allegations of the Complaint itself set forth everything necessary to establish that the claim is "indisputably time-barred," the motion must be denied. *Small v. Chao*, 398 F.3d 594 (7th Cir. 2005).

9.      Further, a complaint may not be dismissed for failure to state a claim unless the court is sure, beyond a doubt after resolving all reasonable inferences in favor of plaintiff that the

plaintiff cannot prove any set of facts that would entitle him to relief. *Id.* Inquiry notice is often a question of fact "inappropriate for resolution on a motion to dismiss under Rule 12(b)(6)." *766347 Ontario, Ltd., Id.* at 988 (*citing Marks v. CDW Computer Centers, Id.* at 367). ("Whether a plaintiff had sufficient facts to place him on inquiry notice of a claim for securities fraud under S.E.C. Rule 10b-5 is a question of fact, and as such is often inappropriate for resolution on a motion to dismiss.")

**C.    Plaintiffs' Claims Are not Time-Barred.**

10.    Plaintiffs' Complaint alleges a cause of action for securities fraud under Section 10(b)(5) (and supplemental state claims) of the Securities Exchange Act and S.E.C. Rule 10b-5. Paragraph 10 of the Complaint alleges that, in December 2005, Defendant orally proposed a "PIPE transaction involving the stock of Provectus Pharmaceuticals, Inc.("PVCT")" and that Plaintiffs wired funds to Defendant for that purchase. (*See* Complaint, ¶10.)

11.    Further, Plaintiffs allege various oral representations by Defendants to Plaintiffs regarding the stock transaction. (*See* Complaint, ¶¶10-11.) Plaintiffs' Complaint alleges that the subject transaction consisted of the parties' agreement that "upon wiring funds from Plaintiffs to [Defendants], the PVCT Stock and Warrants would be purchased by an entity controlled by [Defendant] Eisenschenk and transferred to Plaintiffs upon registration." (*See* Complaint, ¶10.)

12.    Paragraph 22 further describes the fraudulent failure to disclose material facts by Defendants in connection with the Stock purchase as follows:

> a.    Defendants failed to disclose that, at all times, Eisenschenk intended to use, and did use, funds transferred to entities controlled by Eisenschenk to purchase Stock and Warrants . . . for his own account . . .;
>
> b.    Defendants failed to disclose that Eisenschenk intended to retain 50% of all profits derived from funds invested by Plaintiffs in the PVCT PIPE transaction all of the Warrants for his own use;

    c.   Defendants failed to disclose that they did not, and never intended to, purchase the PIPE securities for the Plaintiffs' account . . . ; and

    d.   Defendants failed to disclose that the intended to, and did, exercise possession, dominion and control over the funds transferred to entities and accounts controlled by Eisenschenk over the Stock and Warrants purchased . . . ."

13.    Until registration of the Stock, Plaintiffs never expected to be issued Stock or Warrants (Complaint, ¶10). The Complaint alleges that the parties intended that the Stock and Warrants remain under control of Defendants until the Stock was registered. Therefore, at least a question of fact exists regarding the date of registration and when Plaintiffs were aware of, and had access to, facts that, under the circumstances, made them "suspicious enough to investigate." Clearly, the Complaint was filed within the five (5) year statute of repose.

14.    Despite the clarity of Plaintiffs' factual allegations regarding the transaction, Defendants' motion is based solely on its argument that "Plaintiffs' claim that the transactions were fraudulent because they never received documentation of their investment." They rely exclusively on paragraph 15 of the Complaint for that assertion.

15.    Neither paragraph 15, nor any other allegation in the Complaint, actually says or even implies that the lack of "documentation" is the basis of Plaintiffs' claims. As stated above, paragraph 10 defines the transaction and agreements of the parties. Despite Defendants' argument, paragraph 15 does not allude to a failure to issue documentation as a basis for Plaintiffs' claims. Plaintiffs could not have been put on inquiry regarding Defendants' intent to retain profits or the Stock until either Defendants advised them, retained the Stock after registration or otherwise retained profits after sale of the Stock. Further, Defendants completely ignore the allegations of paragraphs 10, 11, 12 and 22, which characterize the nature of the transaction.

16.     Defendants cannot establish, as a matter of law, that Plaintiffs have plead facts that indisputably establish that there should have been an inquiry prior to February 4, 2006 (2 years prior to the filing of this Complaint).  The Complaint alleges that the parties contemplated that Eisenschenk would purchase and hold the PVCT Stock and Warrants "in an entity he controls" until that Stock was registered, after which it would be transferred to the Plaintiffs. Plaintiffs' claims arose from the failure to transfer the Stock and Warrants.  Paragraph 10 of the Complaint clearly alleges that Plaintiffs did not expect the Stock to be issued to them from the Eisenschenk entity until after the registration of the PVCT Stock.  Therefore, Plaintiffs could not have known, until the PVCT Stock was registered, that they were not getting what they bargained for and could not have been put "on inquiry" prior to that time.

17.     It should also be noted that paragraph 15, upon which Defendants rely to begin the statute running, alleges that: "Defendants were advised by Eisenschenk in November 2007 that Defendants failed to purchase the Stock and Warrants on behalf of Plaintiffs [and] disclosed for the first time in November 2007 that Eisenschenk intends to retain a portion of any profits derived from the Stock and Warrants as an undisclosed fee."  Therefore, the only definitive date in the Complaint relating to notice of any kind was well within the two year statute of limitations.  The Complaint does not otherwise, and is not required to, allege the date of the PVCT registration or any other facts affirmatively establishing the date that the statute of limitations began to run.

18.     The only relevant inquiry is whether Plaintiffs have plead facts that, as a matter of law, show that their Complaint is "indisputably time-barred."  As stated above, Plaintiff could not have been put on inquiry until well after December 2005 and not before the registration of PVCT shares.  "A defendant attempting to dismiss a plaintiff's claim on a Rule 12(b)(6) motion

in the [inquiry notice] context must clear a high hurdle. *Marks,* 122 F.3d at 370. At the very least, inquiry notice in this context is a question of fact that the face of the Complaint does not resolve "beyond a doubt." In light of Plaintiffs' allegations, Defendants cannot clear that hurdle. Here, the Complaint does not plead facts that indisputably, and beyond doubt, set the date of inquiry notice. Therefore, given the factual nature of the analysis required to determine inquiry notice, and the lack of indisputable allegations in the Complaint establishing the date the statute began to run, Defendants' motion is not appropriate and must be denied.

19.    Similarly, based on the above, Defendants cannot sustain their burden that Plaintiffs' federal claims are time-barred "beyond a doubt," their Motion to Dismiss the supplemental state claims under Rule 12(b)(6) should also be denied.

<div style="margin-left: 50%;">

MICHAEL LYON, as Trustee of
the Michael T. Lyon Profit Sharing Plan,
and RICHARD LANE


By: S/Gregory A. McCormick
     One of their attorneys

</div>

Gregory A. McCormick (ARDC # 6201621)
GARFIELD & MEREL, LTD.
Suite 1010
223 West Jackson Blvd.
Chicago, IL 60606
(312) 288-0105

STATE OF ILLINOIS      )
                       )   SS.:
COUNTY OF COOK         )

## CERTIFICATE OF SERVICE

I, Gregory A. McCormick, on oath state I served the foregoing Response to the person named below by electronic filing, before 5:00 p.m. on this 27th day of June, 2008.


S/Gregory A. McCormick
Gregory A. McCormick


## SERVICE LIST


Edward W. Hutchinson
Daniel G. Garth
Freeborn & Peters
Suite 3000
311 South Wacker Drive
Chicago, IL 60606