# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 754 | **DATE** | 7/16/2008 |
| **CASE TITLE** | Lyon et al vs. Eisenschenk et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [14] is denied. Defendants must answer or otherwise plead on or before 8/6/08.

■[ For further details see text below.]                    Notices mailed by Judicial staff.

## STATEMENT

    Defendants Eisenschenk, Resource Equities, LLC, and Thunder Bay Enterprises, LLC, have moved the Court to dismiss Count I (securities fraud) of Plaintiffs' Complaint, arguing that it was not timely filed pursuant to the applicable statute of limitations. The statute of limitations is a defense, and a plaintiff generally is not required to anticipate and refute defenses in his complaint. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008) (citing *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626, 628 (7th Cir. 2003)). If, however, the allegations in the complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007)). Bearing in mind that all well-pleaded allegations in the Complaint are assumed to be true, and drawing all reasonable inferences in Plaintiffs' favor, *Estate of Sims v. County of Bureau*, 506 F.3d 509, 512 (7th Cir. 2007), the Court turns to the securities fraud allegations in Plaintiffs' Complaint to determine whether Plaintiffs have plead themselves out of court. They have not.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**STATEMENT (CONT.)**

In December 2005, Defendants solicited Plaintiffs to invest in an equity offering related to stocks and warrants for a publicly traded corporation called Provectus Pharmaceuticals, Inc. ("Provectus"). (R. 1-1, Compl. at ¶ 8.) In reliance on oral representations made by Defendants, Plaintiffs wired $350,000 to Defendants for the purpose of purchasing Provectus securities. (*Id.*, at ¶¶ 13-14.) Defendants accepted and retained Plaintiffs' funds, but Plaintiffs learned in November 2007 that Defendants had never purchased the Provectus securities on their behalf. (*Id.*, at ¶ 15.) Plaintiffs allege that Defendants' representations made in connection with the supposed sale of the Provectus securities constitutes a manipulative and deceptive device, and violates 28 U.S.C. § 78j(b) ("Section 10(b)") and Rule 10b-5. (*Id.*, at ¶¶ 19-29.)

A plaintiff bringing claims under Section 10(b) and Rule 10b-5 must do so within the shorter of two years of the discovery of the wrongdoing or three years from the improper transaction. *See Foss v. Bear, Stearns & Co.*, 394 F.3d 540, 541 (7th Cir. 2005); 28 U.S.C. § 1658(b). The statute of limitations begins to run when a potential plaintiff is put on "inquiry notice" of a violation, rather than when an investor actually discovers the fraud. *Fujisawa Pharm. Co. v. Kapoor*, 115 F.3d 1332, 1334 (7th Cir. 1997); *In re Motorola Sec. Litig.*, 505 F. Supp. 2d 501, 526 (N.D. Ill. 2007) (Pallmeyer, J.). A plaintiff is put on "inquiry notice" when he becomes "aware of facts that would have led a reasonable person to investigate whether he might have a claim." *Marks v. CDW Computer Ctrs.*, 122 F.3d 363, 367 (7th Cir. 1997); *Motorola*, 505 F. Supp. 2d at 526. Put differently, the statute of limitations commences when a plaintiff learned or should have learned "the facts that he must know to know that he has a claim." *Law v. Medco Research*, 113 F.3d 781, 785 (7th Cir. 1997); *Motorola*, 505 F. Supp. 2d at 526. In their motion, Defendants contend that by filing their Complaint on February 4, 2008, Plaintiffs failed to bring their claims within two years of learning of the alleged wrongdoing.

Defendants argue that Plaintiffs knew or should have known about the alleged fraud in December 2005 because, at that time, Plaintiffs did not receive documents memorializing their investment in Provectus. This argument fails for a number of reasons. First, nothing in the Complaint suggests that Plaintiffs' failure to receive documents immediately following the transfer of funds put Plaintiffs on inquiry notice that something was afoot. Indeed, the Complaint does not mention the receipt, non-receipt, or even the existence of any such documents. Moreover, the Complaint alleges that Defendants represented that the securities "would be purchased by an entity controlled by Eisenschenk" and would then be "transferred to Plaintiffs upon registration." (R. 1-1, Compl. at ¶10.) Read in the light most favorable to Plaintiff, this allegation suggests that Plaintiffs might not have been concerned about their failure to receive memorializing documents until sometime after the securities were registered (which may well have been scheduled to occur within the limitations period). Further, Plaintiffs allege – without specifying a time frame – that they "made inquiries to Defendants regarding the status of the [securities], as well as the status of the funds wired to entities controlled by [Defendants]." (*Id.*, at ¶ 18.) Plaintiffs may have commenced inquiring into Defendants' alleged shenanigans only after the passage of some reasonable time; the Complaint does not allege otherwise. In short, drawing all inferences in Plaintiffs' favor, the Complaint does not suggest that prior to February 4, 2006, Plaintiffs knew or should have known of facts reasonably suggesting that Plaintiffs should investigate their claim. Accordingly, the Court denies Defendants' motion to dismiss.